Leslie E. Briggs, J.
This is a motion to suppress certain evidence consisting of merchandise and S & H Green stamps seized by certain officers by virtue of a search warrant. A hearing has been held at which the People and the defendant introduced oral and written evidence.
FINDINGS OF FACT
The facts found are as follows: On the night of October 5 or the early morning of October 6, 1967 a burglary and larceny occurred at a store in the Village of Cincinnatus in Cortland County and it was discovered that guns, hardware and S & H Green stamps, the latter bearing distinctive numbers, were missing from the store. On October 7 some of' the missing stamps were cashed in for merchandise at a redemption center in the City of Norwich in Chenango County, a county adjoining Cortland County, by a woman who gave her name as B. Law of Beaver Meadow, New York, and who was then driving an automobile registered in the name of the defendant William Law, Sr.
One Maxwell B. Cross, a Deputy Sheriff and chief criminal investigator of the County of Cortland, enlisted the aid of Master Sergeant Walter Kasmareik, a Deputy Sheriff of Chenango County, in the investigation of the burglary and larceny and the Chenango County deputy assisted in the preparation and presentation of the affidavits used on the application for a search warrant. The Cortland County deputy prepared his own affidavit and that of the store proprietor. He prepared the actual search warrant later issued by the Justice and the return thereto in which he recited: “ I have executed the within warrant as I am therein commanded ”. The Chenango County deputy prepared the affidavit of the witness at the redemption center who redeemed the stamps. Together the two deputies, one from Cortland County and one from Chenango County, appeared before a Justice of the Peace of the Town of Otselic and applied for the search warrant. The warrant is directed to: “Any Peace Officer in the County of Chenango, State of New York.” It authorizes the immediate search “ of the person of WILLIAM LAW, SR., WILLIAM LAW, JR. AND BEATRICE LAW, of the automobile owned and/or operated by them believed to be a Blue Chevrolet Station wagon bearing 1967 New York Registration Number 4X 4298, and of the house occupied by the said william law, sb., william law, jr. and Beatrice law *1077 which is a two story Red house located at the end of the road called Church street in the Township of Reaver Meadows, Town of Otselic, Chenango County, New York and of a trailer and other out buildings and of junked cars and trucks on the premises, and of any other person who may be found to have such property in his possession or under his control or to whom such property may have been delivered, for merchandise, consisting of guns, Black'& Decker power tools, electric household appliances, new galvanized bushel baskets, square tubs and garbage cans as well as S & H Green stamps, Series Q041-544 and Series Q041-545 and any other merchandise listed in the attached list of the Sheldon Baldwin affidavit, as well as Series 5AEP-841 listed in the attached statement of Gertrude Jaquay; and if you find any such proprety or any part thereof to bring it before me at my office in the Town of Otselic, County of Chenango New York, forthwith.”
The search was conducted by the two Deputy Sheriffs of their respective counties and two members of the State Police. The premises actually searched were at a hamlet known locally as Beaver Meadows, until recently served by a post office of that name, located in the township of Smyrna just outside the township of Otselic. The building searched was a two-story red house on a right of way connected with Church Street and the only one in that vicinity occupied by any person named William Law. The defendant Barbara Law is and was at that time the wife of William Law, Sr., and there was no person residing at the premises named “ Beatrice ” Law. The court will take judicial notice of the fact that the defendant Barbara Law was erroneously indicted under the name of Beatrice and that a motion in open court in the presence of the defendant and her counsel to amend all papers in this proceeding to correct this defendant’s name to Barbara Law was granted without objection on the part of this defendant.
The officers upon arriving at the premises in the daytime found no person at home to whom notice could be given. An outside door was unlocked and they entered. They searched the premises and discovered certain property described in the search warrant. A list of the property discovered was prepared, signed by the two Deputy Sheriffs and the two State police and left inside the screen door on the premises. The property was removed by the officers and a return was made by Deputy Cross to the Otselic Justice.
It does not appear that any motion was addressed to the issuing Justice to controvert the warrant as permitted by section 807 of the Code of Criminal Procedure. In due course the *1078 warrant and accompanying papers were transferred by the Justice to this court pursuant to section 810 of the Cddé of Criminal Procedure.
The defendants allege that the search warrant and the execution thereof are unlawful and violate the defendants’ constitutional rights against unlawful search and seizure in the following respects:
(1) that the information on the basis of which the search warrant was issued, was inadequate and that there was lack of probable cause for its issue;
(2) that the search warrant fails to properly describe the premises and improperly designates the occupants thereof;
(3) that the Cortland County Deputy Sheriff was not a person to whom the search warrant was directed;
(4) that the Cortland County deputy had no jurisdiction to execute the search warrant.
CONCLUSIONS OF LAW
(1) The Justice has determined that probable cause existed for the issuance of the search warrant. The affidavits submitted to him established that burglary and larceny had been committed ; that some of the stolen property was in the possession of a person who resided at premises sought to be searched. All the material allegations in the officer’s affidavit appear to have been based on reliable information and I conclude that probable cause existed.
(2) The designation of the hamlet of Beaver Meadows in the search warrant as a township and the residence as being within the Town of Otselic when it was actually over the town line in the Town of Smyrna in the same county was not material and I conclude that the premises as well as the occupants were described with “ reasonable particularity ’ ’ as those terms are used in section 797 of the Code of Criminal Procedure.
(3) I conclude that notice of intention to search the premises when the same were unoccupied by any person was not required by section 799 of the Code of Criminal Procedure. The searching officers did not break open any door or window but merely opened an unlocked door. In any event it has been held that the law does not require that before entering, the officers must go through the futile gesture of giving notice to an empty house. (People v. Johnson, 231 N. Y. S. 2d 689, conviction affd. 19 A D 2d 946.) The amendment to section 799 of the Code of Criminal Procedure providing for court permission to break into premises when contraband is about to be destroyed, *1079 merely adds another ground for entry without notice but does not affect the pre-existing rule as above stated.
(4) I conclude that the Cortland County Deputy Sheriff, acting in concert with a Deputy Sheriff of Chenango County and two State police officers under the circumstances here present, was authorized to execute and return the search warrant in his own name.
The search warrant was direetd to “ Any Peace Officer in the County of Chenango, State of New York”. The Cortland County Deputy Sheriff was a peace officer. (Code Crim. Pro., §§ 154, 960.) Professor W. David Curtiss in an article entitled “ Extraterritorial Law Enforcement in New York ” (50 Cornell L. Q. 34) while recommending broader territorial authority for local police, points out (p. 37) that “ New Yok statutory law authorizes the exercise of municipal police power beyond corporate boundaries, thereby enabling a local law enforcement officer to act in his official capacity outside the geographical limits of his employing municipality.” The author then proceeds to enumerate seven of the more important statutory instances of such extraterritorial authority, including intrastate close pursuit (Code Crim. Pro., § 182-a), retaking of an escaped prisoner (Code Crim. Pro., § 186), execution of ordinary warrants of arrest (Code Crim. Pro., §§ 155, 156), service of bench warrants (Code Crim. Pro., §§ 304, 478), and the like. These illustrations furnish sufficient authority for the rudimentary proposition that a Deputy Sheriff does not cease to be a peace officer the moment he steps outside the boundaries of his own county.
It is not necessary to this decision to determine whether the Cortland County deputy could have executed the warrant in his own name unassisted as a “ peace officer in the County of Chenango ” since he did not act alone. He was accompanied by three other peace officers, any one of whom had unquestioned jurisdiction to execute the warrant in Chenango County. I conclude that the Cortland County deputy was acting in aid of the officers mentioned in the direction of the search warrant and was therefore authorized to execute the warrant by section 798 of the Code of Criminal Procedure. That section reads as follows: “ A search warrant may, in all cases, be executed by any of the officers mentioned in its direction, but by no other person, except in aid of the officer, on his requiring it, he being present and acting in its execution. ’ ’ Paraphrased to fit the present circumstances the section may be read as follows: A search warrant may be executed by a person other than the officers *1080 mentioned in aid of the officer, on his requiring it, he being present and acting in its execution.
Since the mentioned officers were present and acting in its execution the requirements of the statute were met and the legality of the search cannot be made to depend upon which officer took the most active part. The fact that the Cortland County deputy returned the warrant in his own name, if irregular at all, is not, in the words of Justice Sober, in People v. Montanaro (34 Misc 2d 624, 630) “ of constitutional dimension.”
For the foregoing reasons the motions of the defendants to suppress the evidence seized by virtue of the search warrant are denied.