OPINION OF THE COURT
Charles B. Lawrence, J.
The defendant, Vito Brancato, moves to suppress tangible property seized pursuant to a search warrant issued by one of the Justices of this court. The issue presented, to wit, execution of the warrant by an agent of the Waterfront Commission, appears to be one of first impression. For the reasons set forth below, the motion is denied. The pertinent facts insofar as applicable are as follows;
During the course of an investigation by the Waterfront Commission into mutuel racehorse policy plays originating on the Brooklyn waterfront, Special Agent Joseph Commorato, who is a police officer (CPL 1.20, subd 34, par [h]) with Statewide police officer powers (L 1953, ch 882, § 5-b, added by L 1954, ch 220, § 2, amd by L 1957, ch 188, § 2, amd by L 1969, ch 952, § 1), applied on November 1, 1978 on behalf of the Waterfront Commission for a search warrant permitting a search of the person of the defendant herein. Said warrant *265 was issued on the same day by one of the Justices of this court and executed on November 2, 1978 at approximately 3:00 p.m. at Havemeyer and North 7th Streets in the County of Kings.
It is beyond cavil that the Waterfront Commission has authority to cause investigations to be made into criminal activity affecting the waterfront in the City of New York.
As a result of said search and seizure of the property, the defendant was arrested at that time and subsequently indicted for possession of gambling records in the first degree and promoting gambling in the first degree. The People have submitted an affidavit by Detective Kenneth McCade of the New York City Police Department indicating that he accompanied him and was present during the entire period of the search.
The defendant contends that the warrant addressed "To any police officer of the City of New York” was improperly executed by a special agent of the Waterfront Commission, in that such agent is not a police officer employed by the City of New York and therefore the property seized should be suppressed.
CPL 690.25 insofar as applicable provides: "1. A search warrant must be addressed to a police officer whose geographical area of employment embraces * * * the county of issuance. The warrant need not be addressed to a specific police officer but may be addressed * * * to any police officer of any classffication employed or having general jurisdiction to act as a police officer in the county.” (Emphasis supplied.)
A fair reading of CPL 690.25 sets forth the individuals to whom a warrant may be addressed and by whom it may be executed in terms of geographical area of authority, and not in terms of which governmental agency employs such individual.
Therefore, a warrant addressed "To any police officer of the City of New York” may be executed not only by police officers employed by the City of New York but by any police officer whose geographical authority extends to the City of New York.
As indicated above, Special Agent Commorato’s police powers extend State-wide and the warrant in the matter could therefore be properly executed by him.
In any event, although we do not have to reach this point, the presence of a detective employed by the New York City *266 Police Department during the period of the search would likewise require denial of this motion to suppress. (See People v Northrop, 96 Misc 2d 858; People v Law, 55 Misc 2d 1075; Nuckols v United States, 99 F2d 353.)