OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The discrepancy in the warrant, which described the apartment to be searched as 25J when in fact the apartment intended was 25C, was not material in view of the facts that the warrant also named the occupant, that the informant accompanied the police to the apartment, was admitted by the person named as occupant, and confirmed to the police that the occupant was the person referred to in the warrant, and that an amendment of the warrant to state the correct designation of the apartment was obtained before any search or seizure was conducted (see People v Taggart, 51 AD2d 863; People v Law, 55 Misc 2d 1075; cf. People v Nieves, 36 NY2d 396).
The objection concerning failure to establish due diligence in attempting to locate the informant is not well taken. If addressed to the failure to produce the informant at trial, the objection was not preserved. If addressed to the failure to produce him at the hearing on the warrant, there *664 was no obligation to do so the warrant having been issued on the basis of his testimony under oath before the issuing Judge, a transcript of which was presented at the hearing.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.