OPINION OF THE COURT
Eugene L. Nardelli, J.
Defendant has been indicted for burglary in the second degree, attempted rape in the first degree, sexual abuse in the first degree, and robbery in the third degree. The charges are that on February 17, 1983, defendant unlawfully entered a dwelling with intent to commit a crime therein, that he attempted to engage in sexual intercourse with a female occupant thereof by forcible compulsion, that he subjected her to sexual contact by means of forcible compulsion, and that he stole personal property from her. At the beginning of the Wade hearing he moved to suppress evidence of a ski hat and glasses which were seized from his cell at Rikers Island pursuant to a search warrant. Defendant had earlier moved to suppress those items on the ground that the affidavit in support of such warrant had lacked probable cause. That motion was denied. Now his motion is based on the allegation that though the warrant was addressed to any police officer of the City of New York, the search of the cell and seizure of the hat and glasses were effected by a deputy warden and not by a police officer and that thus there was an unlawful execution of the warrant. Counsel for defendant has averred that he did not become aware of the manner of the execution of the warrant until he read the discovery material turned over to him the day before the start of the hearing. The *961 court, therefore, considered his oral motion along with his motion with respect to identification.
The hearing began on February 2 and continued through February 8, 1984. Three witnesses, including the complainant and one former police officer, testified. All gave credible accounts of what they had seen and done, and the court accepts their testimony as true.
With respect to the suppression of physical evidence, the burden is on the People to go forward with the evidence, and the burden of proof that the search and seizure were illegal is on the defendant.
FACTS
Complainant had described defendant as wearing a reddish-brown ski hat and having yellow sunglasses in his jacket pocket. The tenant in the elevator also described him as wearing a brown ski hat. On March 9, 1983, Detective Bellomo went to Rikers Island, where defendant was being held on another charge, to execute a warrant addressed “To Any Police Officer of the Police Department of the City of New York” and authorizing such officer to search defendant’s cell, clothing areas, and person and to seize a reddish-brown ski hat and yellow sunglasses with gold rims. Detective Bellomo went to Rikers Island with the warrant and was informed that the warrant could be executed but that she would not be allowed to enter the cell. From outside the cell she observed the search and the seizure of the hat and glasses by a deputy warden.
CONCLUSIONS OF LAW
Defendant argues that the warrant was illegally executed by the deputy warden and suggests that the proper course for Detective Bellomo on finding that she could not enter the cell was to have the warrant modified to allow correction officials to execute it. That suggestion, however, betrays the flaw in his position. A search warrant, unless addressed to a peace officer appointed by State university trustees, must be addressed to a police officer. (CPL 690.05, 690.25.) A police officer, however, in executing the warrant, need not deny himself the assistance of others to *962 whom the warrant is not addressed. Thus, where a warrant was issued to a police officer, it was not improper for him to be accompanied by four building inspectors. (People v Northrop, 96 Misc 2d 858.) “Although CPL 690.05 (subd 2) does not authorize issuance of a warrant directly to other than a police officer, it does not specifically prohibit the attendance of those having special training and ability to discern building and zoning violations” {supra, at p 863). Similarly, where warrants have been issued to law officers, the presence of an Army officer who could identify the stolen maps has been approved. (Romero v Squier, 133 F2d 528.) And the presence of Federal agents is permitted though the warrant is issued to State officers. (United States v Jones, 518 F2d 384.) Where a warrant issued “To any police officer of the City of New York” was executed by a special agent of the Waterfront Commission, such execution was held proper because the agent was a police officer whose geographical area of authority included New York City. The court noted further, however, that the presence of a New York City detective during the search was itself enough to make the execution a proper one. (People v Brancato, 101 Misc 2d 264.) Nor is the legality of the execution dependent on who took the most active part. (People v Law, 55 Misc 2d 1075.) Warrants directed to a United States marshal were properly executed when a deputy marshal was at all times present during the raid and seizure in which he was “assisted” by local police. (Nuckols v United States, 99 F2d 353.)
The foregoing cases make it clear that defendant is claiming greater immunity from search and seizure in prison than he could out. Historically, however, prisoners were until recently considered to have no immunity at all. (Lanza v New York, 370 US 139.) Although that attitude has been eroded over the past 20 years (see Palmer v Hudson, 697 F2d 1220, 1223, n 3, synopsizing that erosion), a prisoner’s rights have never been raised higher than those of an ordinary citizen. Just as a police officer may be assisted by specialists outside a prison, so may he be assisted by correction personnel in the search of a prison cell.
*963 DECISION
Defendant’s motion for suppression of physical evidence is in all respects denied.