■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHYLLIS TUTORA, Also Known as PHYLLIS BARONE, Respondent. —Appeals by the People, as limited by their brief, from (1) so much of an order of the County Court, Westchester County (Nicolai, J.), dated October 11, 1984, as granted, after a hearing, certain branches of defendant's omnibus motion which sought suppression of physical evidence and oral statements obtained by police officers and (2) so much of an order of the same court, dated October 24, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order dated October 11, 1984 dismissed. That order was superseded by the order dated October 24, 1984, made on reargument.

Order dated October 24, 1984 modified, on the law, by deleting the provision thereof which granted that branch of defendant's pretrial motion which sought suppression of the .25 caliber semiautomatic weapon seized during the search of defendant's home, and substituting therefor a provision denying that branch of the motion. As so modified, order affirmed,

insofar as appealed from. Order dated October 11, 1984 modified accordingly.

The hearing court correctly suppressed the statement made by defendant after discovery of the gun. Defendant had retained counsel in relation to the police search of her home, had refused to waive her rights, and the police had been instructed by counsel not to question the defendant. Interrogation of defendant without a waiver of rights in the presence of her attorney was thus prohibited (see, People v Skinner, 52 NY2d 24; People v Cunningham, 49 NY2d 203). The officer who asked defendant whether she had a permit for the gun knew of her recent conviction and thought she was on probation. Therefore, he knew she could not lawfully possess such a weapon, and the question was clearly one that he knew, or should have known, was reasonably likely to elicit an incriminating response. Consequently, that question was improper (see, Rhode Island v Innis, 446 US 291, 300-302; People v Ferro, 63 NY2d 316, 319-323), and defendant's response must be suppressed.

However, the seizure of the weapon itself was proper. The handkerchief-wrapped box that contained the gun was within the ambit of the search warrant, which authorized the seizure of financial records, including such items as savings passbooks, deposit slips, and keys to safe-deposit boxes. A safe-deposit key was in fact found inside the box along with the gun and its accessories. Since a search warrant authorized police to search any container that might contain the items specified in the warrant, the box was by definition within the scope of the warrant (see, United States v Ross, 456 US 798, 820-823; People v Langen, 60 NY2d 170, cert denied 465 US 1028).

The seizure was not tainted by the conduct of the officer who, upon discovering the box in defendant's bedroom, asked her "what is this", following which defendant, on her own initiative, unwrapped the box, thus revealing the word "pistol" on its cover. Defendant's presence in the bedroom at the time of the object's discovery was purely voluntary, and the box was found without her assistance. In any event, the officer cannot be said to have engaged in an impermissible interrogation at that juncture (see, Rhode Island v Innis, supra; People v Ferro, supra). Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.