OPINION OF THE COURT
John V. Vaughn, J.
Defendant moves to controvert the search warrant and suppress the evidence upon the ground that the warrant was executed by an unauthorized person.
The search warrant in this case was addressed to "any Police Officer of the Suffolk County Police Department.” However, the warrant was served and executed by the New York State Police without any assistance from the Suffolk County Police Department. The People explain that the failure to *1032 include the State Police in the warrant was a ministerial error and that the issuing Justice was aware that the State Police were the applicants for and would execute the search warrant.
The statute insofar as applicable to this case provides (CPL 690.25):
"1. A search warrant must be addressed to a police officer whose geographical area of employment embraces * * * the county of issuance. The warrant need not be addressed to a specific police officer but may be addressed to any police officer of a designated classification * * * having general jurisdiction to act as a police officer in the county.
"2. A police officer to whom a search warrant is addressed * * * may execute it pursuant to its terms anywhere in the county of issuance or an adjoining county, and he may execute it * * * in any other county of the state in which it is executable if (a) his geographical area of employment embraces the entire county of issuance”.
A fair reading of the statute establishes that it sets forth the individuals to whom a search warrant may be addressed and by whom it may be executed in terms of their geographical area of authority. Under the statute it is possible that in a particular situation a search warrant may be otherwise valid but unexecutable by a particular classification of police officer.
In People v Brancato (101 Misc 2d 264, 265) the search warrant was addressed " '[t]o any police officer of the City of New York’ ” but was executed by a special agent of the Waterfront Commission who was a police officer with Statewide police powers but not employed by the City of New York. The court held that the warrant, as addressed, was not limited to any police officer employed by New York City but included any police officer with geographical jurisdiction therein. Defendant argues that the Brancato case is inapplicable because, in this case, unlike Brancato, the search warrant is specifically addressed to any police officer employed by the Suffolk County Police Department. This court agrees with the defendant.
Execution of a search warrant by an unauthorized person would render the search illegal (see, United States v Martin, 600 F2d 1175 [5th Cir]). However, in this case the search warrant was not executed by an unauthorized person since the State Police have State-wide jurisdiction (Executive Law § 223). The difficulty here is that the search warrant is not specifically addressed to that agency.
*1033 Courts should be wary of extending the exclusionary rule to violations which are not of constitutional magnitude. The Federal Rules of Criminal Procedure contain a similar requirement that a search warrant be addressed to a civil officer of the United States authorized to enforce or to assist in enforcing any law (Fed Rules Crim Pro, rule 41). In United States v Pennington (635 F2d 1387, 1389 [10th Cir], cert denied 451 US 938) the search warrant was addressed to the " 'U.S. Marshal or any other authorized law enforcement officer.’ ” However the search warrant was executed by State officers without any Federal assistance. The court upheld the search stating that the violation of rule 41 would not result in preclusion unless the defendant sustained "prejudice” in the sense that the search would not have otherwise occurred, or there was evidence of an intentional and deliberate disregard of the rule.
The New York statute dealing with eavesdropping warrants also requires that the warrant designate the law enforcement agency authorized to intercept the communication (CPL 700.30 [5]). In dealing with that statute the court held that the failure to designate the agency authorized to conduct the interception would not invalidate the warrant particularly where it was apparent from the application and supporting documents who would execute the warrant (People v Zendano, 62 AD2d 537).
A similar result should follow in this case. The error in not including the State Police is not of constitutional dimensions. The search warrant was executed by the State Police who in fact had the requisite geographical jurisdictional authority. It was also apparent from the application that it was the State Police who had conducted the investigation and would execute the warrant (People v Davis, 93 AD2d 970). There is no showing of any prejudice to the defendant and no evidence of any intentional and deliberate disregard of the statute.
Accordingly, the application is denied.