■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PANTOJAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered July 10, 1990, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the court erred in denying his motion to withdraw his plea of guilty. The decision of whether to permit a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524-525; *People v Brownlee,* 158 AD2d 610, 611). The plea was entered into knowingly, intelligently, and with adequate representation by counsel. The record does not support the defendant's claim that he pleaded guilty solely

in order to allow his girlfriend and codefendant to avoid incarceration. Moreover, the defendant has offered only an unsubstantiated and generalized claim of innocence, which is insufficient to entitle him to withdraw his plea *(see, People v Bourdonnay,* 160 AD2d 1014; *People v Duff,* 158 AD2d 711). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.