OPINION OF THE COURT
William Miller, J.
Defendant moves before sentence pursuant to CPL 220.60 (3) to withdraw his plea of guilty to criminal contempt in the second degree on the grounds that the complainant recanted, *223 that he pleaded guilty to secure his release from jail and that he had difficulty understanding the speech of his prior counsel. The People have answered in opposition contending defendant’s claims are unsupported by fact or law. Upon consideration of the papers submitted, the transcripts of proceedings held on February 19 and April 3, 1997, the court files of the instant case and a related case (96K072700), and, upon the applicable law, the court denies defendant’s motion to withdraw his plea.
The complaint charges defendant with criminal contempt in the first degree, assault in the third degree, harassment in the second degree and menacing in the third degree. The charges stem from allegations by Janet Ortiz that on January 2, 1997, in violation of an order of protection issued on October 4,1996,[1] defendant grabbed her, punched her in the face causing swelling, substantial pain and alarm and threatened to kill her causing her to fear physical injury.
On February 19, 1997, defendant pleaded guilty, in satisfaction of the complaint, to the reduced charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor. Minutes of the proceedings reflect that defendant knowingly, voluntarily and intelligently entered his plea. He was represented by Mona Kavowras, Esq., on behalf of defendant’s then counsel, Milton Slaughter, Esq. Defendant acknowledged having previously discussed the case with both attorneys. Defendant wished to plead guilty and agreed to have Ms. Kavowras stand in for Mr. Slaughter. Furthermore, defendant stated that he was, in fact, guilty and was pleading guilty of his own free will.
In his allocution, defendant stated he understood that there was a previous order of protection requiring him to stay away from Janet Ortiz. He admitted he did not stay away from her and that he grabbed her and punched her in violation of that *224 order. Defendant was fully apprised of his rights and the terms of the plea bargain.[2] When asked if there was anything he did not understand or if he wished to speak either to Ms. Kavowras or to the court, defendant responded, "No, Sir.”
On April 3, 1997, defendant appeared for sentence with Mr. Slaughter. A presentence report prepared by the Department of Probation indicated that defendant "denies his guilt, but accepts his plea” and that "he accepted the plea because he wanted to be released from jail.” The report indicated that Janet Ortiz had stated to the investigating probation officer that "the defendant did not harm her in any way and she lied to get him in trouble because he was on probation.”
To clarify the matter and avoid any error, this court inquired of defendant whether he pleaded guilty because he was in fact guilty. Defendant reacknowledged his guilt. Nevertheless, the court requested the prosecution to contact the complainant to verify her alleged statement to the Department of Probation. The case was adjourned several times for this purpose because the prosecution was unable to locate and speak to the complainant. In the interim, defendant changed his position, indicating that he was not guilty and that he wanted to withdraw his plea. Under these circumstances, the court assigned present counsel who filed the instant motion on defendant’s behalf. The prosecution eventually contacted the complainant and submitted two memoranda and an affirmation to the court.[3]
*225 Defendant’s primary contention is that complainant’s recantation, i.e., her alleged statement to both the Department of Probation and the District Attorney’s Office, that defendant did not strike or assault her, requires withdrawal of the plea— firstly, because the complaint is fraudulent and secondly, because the recantation constitutes newly discovered evidence. Neither this, nor defendant’s two other contentions — that he accepted the plea bargain solely to secure his release from jail and that he had difficulty understanding the speech of his prior counsel — are supported by the requisite sworn, factual allegations.
Although the People concede that the complainant recanted that portion of her "testimony” (sic) that an "assault” occurred on February 2, 1997, they point out that the complainant signed an affidavit under penalty of perjury corroborating the original complaint. The People contend that recantation as to an "assault” did not negate that portion of the complaint alleging a violation of the order of protection. Even if defendant did not harm the complainant, his having admittedly grabbed and punched her contrary to the order of protection established a sufficient basis to support defendant’s plea. Furthermore, the People point out that the complainant "never denied that an argument between the defendant and herself did take place in the street on that date in violation of a Full Order of Protection issued on October 4, 1996.” Thus, it is the People’s position that a mere contention that no assault occurred, absent a claim of innocence by defendant, did not provide the court with a basis to allow defendant’s plea to be withdrawn.
Under the foregoing circumstances, the court concludes in its discretion that withdrawal of the plea is not warranted. (CPL 220.60 [3]; People v Frederick, 45 NY2d 520.) The acts repeatedly admitted to by defendant in his allocution and in his reaffirmance of that allocution (grabbing and punching the complainant) were sufficient to support the crime to which he pleaded and were not undermined by complainant’s recantation. (People v Lopez, 71 NY2d 662.)
Defendant’s further claims — of coercion to plead guilty in order to effect his release and that he did not understand his attorney’s speech — are conclusory and without any support in the record or in defendant’s moving papers. (People v Lowrance, 41 NY2d 303; People v Flowers, 30 NY2d 315; People v *226 Breeden, 221 AD2d 352 [2d Dept 1995]; People v De Jesus, 199 AD2d 529 [2d Dept 1993]; People v Pantojas, 182 AD2d 782 [2d Dept 1992]; People v Sepulveda, 198 AD2d 66 [1st Dept 1993], lv denied 82 NY2d 930; People v Witcher, 222 AD2d 1016 [4th Dept 1995].)
Accordingly, defendant’s motion is denied in all respects.

- On October 4,1996, defendant was arraigned on a related misdemeanor complaint (96K072700) charging him with assault in the third degree and harassment in the second degree. According to the complainant, Janet Ortiz, defendant allegedly entered her apartment without her permission on July 16, 1996, threw her belongings about the residence, ripped her telephone from the wall and grabbed her causing bruises to her neck. Defendant acknowledged receipt, by his signature thereon, of an order of protection issued on October 4, 1996 requiring, inter alia, that he stay away from and refrain from assaulting, harassing, menacing, intimidating or threatening Janet Ortiz. By its terms, the order of protection was effective until October 24, 1996, and thereafter if the defendant failed to appear on that date. Defendant did not appear and a warrant was issued for his arrest. That warrant was vacated when the defendant was arrested and arraigned on the instant charges on January 5, 1997. Bail was set in the amount of $2,500.

. In return for his plea and the waiver of his rights to trial by jury, to remain silent and to confront witnesses against him, defendant was promised a sentence requiring incarceration for 60 days, probation for three years and completion of a drug program to be designated by the Department of Probation. According to defense counsel, defendant had already been incarcerated for a sufficient period to cover the proposed 60-day sentence. The court therefore released him on his own recognizance pending sentence on April 3, 1997, the order of protection was extended and, in addition, the related docket (96K072700) was adjourned in contemplation of dismissal for one year.

. The first memorandum, from Ovita Williams, MSW, and dated August 6, 1997, indicated that the complainant met with her on June 26, 1997 and stated that defendant did not hit her but did violate the order of protection by approaching her in the street. The second memorandum, dated August 7, 1997, was submitted by Assistant District Attorney Laurie Opochinsky. It indicated, in part, that on June 20, 1997, Ms. Opochinsky had a phone conversation with the complainant. In that conversation, the complainant allegedly stated, inter alia, that she "ran met” defendant on the street and that he did not hit her but argued with her over financial support. At the court’s request, this ambiguity was clarified in Ms. Opochinsky’s affirmation, dated August 29, 1997, in which she indicated based on her conversation *225 with the complainant, that the complainant "ran into Ricardo in the street and though he did not hit her, they argued for a period of time over her requesting financial support for their child.”