■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN A. GEROW, Appellant. [925 NYS2d 243]—

Garry, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 19, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Police officers entered defendant's apartment in the City of Elmira, Chemung County, in the course of executing an arrest warrant for an unrelated incident, and observed several items and an odor, leading them to suspect that a marihuana "grow operation" was being conducted on the premises. While conducting the arrest, one of the officers also saw a "knuckle knife" on a table (see Penal Law § 265.00 [5-b]). Based upon their observations, the police obtained a search warrant allowing them to search for and seize any items related to marihuana "packaging, processing, consumption or distribution," specifically including "records, receipts, books, writings or photographs" and "[a]ny safes or lock boxes which may contain such records, paraphernalia, US Currency, Controlled Substances or Marijuana and which can be readily opened at the residence." In the course of the subsequent search, the police saw a locked cabinet, which they opened with a key located on a nearby desktop, and found inside an unassembled, sawed-off shotgun and two shells.[1] Defendant was subsequently indicted on two counts of criminal possession of a weapon in the third degree, and County Court denied his suppression motion following a hearing. He pleaded guilty to one count of criminal possession of a weapon

1. The shotgun barrel and the weapon as assembled were of illegal length, measuring, respectively, less than 18 and 26 inches (see Penal Law § 265.00 [3]).

in the third degree based on possession of the shotgun[2] and was sentenced to a prison term of 1 to 3 years. Defendant appeals, and we affirm.

Although firearms were not included within the search warrant, discovery of the shotgun was within the scope of the warrant, as it specifically allowed the police to open and search the locked cabinet (see People v Tutora, 116 AD2d 607, 608 [1986]). Upon lawfully opening the cabinet and inadvertently discovering the gun, its "incriminating character . . . [was] immediately apparent," and thus the plain view doctrine applied to its discovery (People v Brown, 96 NY2d 80, 89 [2001]; see People v Lamont, 21 AD3d 1129, 1131 [2005], lv denied 6 NY3d 835 [2006]; People v Cranmer, 167 AD2d 566, 567 [1990], lv denied 77 NY2d 904 [1991]; compare People v McCullars, 174 AD2d 118, 121 [1992], appeal dismissed 80 NY2d 800 [1992]).

Defendant's further argument that Penal Law § 265.02 violates the Second Amendment of the US Constitution is unpreserved and, in any event, lacks merit (see People v Perkins, 62 AD3d 1160, 1161 [2009], lv denied 13 NY3d 748 [2009]; see also People v Hughes, 83 AD3d 960, 961-962 [2011]).

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

2. As defendant had previously been convicted of a crime, he was charged with criminal possession of a weapon in the third degree (see Penal Law § 265.02 [1]).