THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY ODEN, Appellant. [53 NYS3d 545]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Quinn, J.), rendered December 15, 2015, convicting him of burglary in the first degree, burglary in the second degree, robbery in the first degree, and robbery in. the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

According to the testimony adduced at a suppression hearing, Detective Timothy Slevin of the Nassau County Police Department investigated a robbery that occurred in Baldwin on November 25, 2013. Detective Slevin testified at the hearing that on January 22, 2014, one of the complainants identified the defendant as one of her assailants. The complainant told Detective Slevin that one of the stolen items "was a white Michele watch. It's a distinctive watch. It's all white, white band, white face and it has Michele written across in a circle around the face of the watch. It's a distinctive watch."

On April 3, 2014, the New York City Police Department (hereinafter NYPD) executed a search warrant of the defendant's house in an unrelated case. The NYPD members, who were from Brooklyn, were looking for a gun and other "larger items." They were not searching for watches or jewelry. The defendant's home was located within Nassau County's first precinct, where Detective Slevin had been working for 20 years. Detective Slevin accompanied the NYPD members in executing the warrant. Detective Slevin testified that this was about the 10th time he had accompanied officers from another law enforcement agency who were executing a search warrant, and that this was a "common practice."

During the search, the NYPD members searched a tall dresser, and placed the contents of each drawer on top of the dresser. One of the NYPD members pulled a watch out of a drawer and placed it on top of the dresser. Detective Slevin testified that he immediately recognized the "Michele" watch, and had it seized.

The defendant moved, inter alia, to suppress the watch. In an order dated September 15, 2015, the Supreme Court, among other things, denied that branch of the motion. The defendant subsequently pleaded guilty to burglary in the first degree,

burglary in the second degree, robbery in the first degree, and robbery in the second degree. At his plea allocution, the defendant stated that no one had threatened him or in any way tried to force him to plead guilty. At sentencing, the defendant moved to withdraw his plea, contending that he had entered the plea because he and his mother had been threatened. The court denied the motion. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the watch. "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). "The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v McCovey*, 281 AD2d 644, 644 [2001]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Here, Detective Slevin's testimony established that he was legally present during the NYPD's execution of the search warrant of the defendant's home (*see e.g. People v Wasserman*, 175 Misc 2d 314, 315-321 [Sup Ct, NY County 1997]; *People v Barfield*, 151 Misc 2d 1031, 1031-1032 [Suffolk County Ct 1991]; *People v Brancato*, 101 Misc 2d 264, 265-266 [1979]; *see also People v Spinelli*, 35 NY2d 77, 80 [1974]; *cf. United States v Jones*, 518 F2d 384, 387-388 [7th Cir 1975]) and that the watch was properly seized pursuant to the "plain-view" doctrine (*see People v Tutora*, 116 AD2d 607, 608 [1986]; *see generally Minnesota v Dickerson*, 508 US 366, 375 [1993]; *Texas v Brown*, 460 US 730, 733-734, 742-743 [1983]; *Horton v California*, 496 US 128, 135-138 [1990]).

The Supreme Court also providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the trial court (*see People v McGhee*, 62 AD3d 1027 [2009]), and its determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008, 1009 [2007]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Colon*, 114 AD2d 967 [1985]). Here, the defendant's unsubstantiated claim that his plea was coerced was refuted by his own statement at the time he pleaded guilty (*see People v Wiedmer*, 71 AD3d 1067 [2010]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.