■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CACCAVALE, Appellant. [58 NYS3d 135]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Minihan, J.), rendered January 11, 2016, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with, inter alia, criminal possession of a weapon in the second and third degrees after the police discovered a gun and bullets stored in a blue bag above the kitchen cabinets in his residence, pursuant to a search warrant. During the plea proceeding, the defendant freely admitted his guilt. Thereafter, while the defendant and his brother were in jail, his brother allegedly claimed that the gun was his and the defendant did not know that the brother had stored the gun in the defendant's apartment. The brother claimed that he had purchased the gun from an individual who had stolen it from somebody in Poughkeepsie.

The defendant moved for leave to withdraw his plea of guilty, claiming actual innocence. In support, he submitted his brother's handwritten statement about the brother's alleged actions. The County Court denied the defendant's motion, and the defendant appeals.

The defendant's contentions concerning the voluntariness of his plea of guilty survive the waiver of his right to appeal (*see People v May*, 138 AD3d 1146 [2016]).

A claim of actual innocence, made after a plea of guilty, warrants a hearing if there is a sufficient showing of possible merit to warrant a fuller exploration by the court (*see People v Tiger*, 149 AD3d 86, 110 [2017]). Here, the brother's conclusory assertions that the gun was his and that he had hidden it in the defendant's apartment without the defendant's knowledge—made

after the defendant freely admitted his guilt—were insufficient to warrant a hearing with respect to the defendant's claim of actual innocence. It appears that the defendant only asserted a denial of his guilt after it was apparent that his brother was willing to take responsibility for him. Accordingly, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (*see People v Smith*, 148 AD3d 939 [2017]; *People v Rodriguez*, 142 AD3d 1189 [2016]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.