People v Aguilera (2018 NY Slip Op 00841)





People v Aguilera


2018 NY Slip Op 00841


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-05893
 (Ind. No. 9617/12)

[*1]The People of the State of New York, respondent,
v
Ricardo Aguilera, appellant.


Paul Skip Laisure, New York, NY (Anna Kou and Lauren Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered May 28, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant sought to suppress physical evidence recovered by the police after they entered an apartment, in which he was located, without a warrant. Following a hearing, the Supreme Court declined to suppress the physical evidence.
Where a defendant moves to suppress evidence, "the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778; see People v Oden, 150 AD3d 1269, 1270; People v Alvarado, 126 AD3d 803, 804). "The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Oden, 150 AD3d at 1270 [internal quotation marks omitted]; see People v Cartier, 149 AD2d 524, 524-525).
Here, the Supreme Court properly concluded that the police conduct in entering the apartment was justified. The evidence presented at the suppression hearing established that the police had probable cause to believe that robbery suspects were inside the apartment where the defendant was found, and exigent circumstances justified the police entry without a warrant (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108; People v Ketcham, 93 NY2d 416; People v Bigelow, 66 NY2d 417; People v Vargas, 143 AD2d 699; People v Green, 103 AD2d 362). Contrary to the defendant's contention, the basis-of-knowledge prong of the Aguilar-Spinelli test was satisfied with respect to the information furnished by a female civilian present at the arrival of the police officers on the fourth floor, as there was sufficient circumstantial evidence from which it could reasonably be inferred that she reported what she had personally seen, rather than something she had been told (see People v Ketcham, 93 NY2d at 420). In view of the evidence presented at the [*2]hearing, the Supreme Court properly denied suppression of the evidence seized from inside of the apartment (see People v Desmarat, 38 AD3d 913, 915; People v Green, 103 AD2d at 367; cf. People v Sanders, 26 NY3d 773).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court