People v Goberman (2018 NY Slip Op 05690)





People v Goberman


2018 NY Slip Op 05690


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-03781
 (Ind. No. 3230/13)

[*1]The People of the State of New York, respondent,
v
Natalya Goberman, appellant.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered April 1, 2016, convicting her of criminal possession of a forged instrument in the second degree and falsifying business records in the first degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion pursuant to CPL 220.60(3) to withdraw her plea of guilty.
ORDERED that the judgment is affirmed.
Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement (see e.g. People v Smith, 148 AD3d 939, 940). Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a guilty plea; often a limited interrogation by the court will suffice (see People v Tinsley, 35 NY2d 926, 927; People v Oden, 150 AD3d 1269, 1270).
Here, in addition to written submissions, the Supreme Court heard oral argument on the defendant's motion to withdraw her plea of guilty and conducted a limited interrogation of the defendant in open court. Contrary to the defendant's contention, she was afforded a reasonable opportunity to present her contentions and the court was able to make an informed determination without the need for an evidentiary hearing (see People v Tinsley, 35 NY2d at 927). Based on the evidence before the court, the defendant's claim that her plea was coerced by counsel was conclusory and unsubstantiated (see People v Oden, 150 AD3d at 1270; People v Sanchez, 175 AD2d 817), as was her alternate claim, in effect, of actual innocence (see People v Caccavale, 152 AD3d 537; People v Smith, 148 AD3d 939; People v Rodriguez, 142 AD3d 1189). The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw her plea of guilty.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court