People v Johnson (2019 NY Slip Op 02355)





People v Johnson


2019 NY Slip Op 02355


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-12877
 (Ind. No. 15-01021)

[*1]The People of the State of New York, respondent,
v
Carless Johnson, appellant.


Jason M. Bernheimer, Katonah, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Jennifer Spencer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered November 10, 2016, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jemmott, 125 AD3d 1005, 1006; see CPL 220.60[3]; People v Brown, 14 NY3d 113, 116). A hearing will be granted only in rare instances where "the record raises a legitimate question as to the voluntariness of the plea" (People v Brown, 14 NY3d at 116).
Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780). Further, the defendant's unsubstantiated postplea statements of innocence to a probation officer, which appear in the presentence investigation report, were contradicted by the defendant's admissions made under oath at his plea allocution and, thus, did not warrant withdrawal of the defendant's plea or a hearing (see People v Caccavale, 152 AD3d 537, 537-538; People v Rodriguez, 142 AD3d 1189, 1190; People v Pantojas, 182 AD2d 782). The defendant's challenge to the voluntariness of his plea of guilty on the ground that he was coerced by his former counsel to plead guilty is unpreserved for appellate review because his motion to withdraw his plea was not made on this ground (see CPL 470.05[2]; People v Telfair, 144 AD3d 712; People v Ovalle, 112 AD3d 971, 972). In any event, the defendant's claim is belied by his statements under oath acknowledging that he was voluntarily pleading guilty, that he was satisfied with his attorney's representation, and that he was not forced or threatened into pleading guilty (see People v Boria, 157 AD3d 811; People v Oden, 150 AD3d 1269, 1270). Accordingly, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court