■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONIFACIO PASCUAL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 30, 1988, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 28, 1987, at approximately 3:05 A.M., two police officers came upon a vehicle which had swerved off the Southern State Parkway and which had collided with a utility pole. The driver of this vehicle reported to the officers that he had been robbed by two men, whom he described in detail.

According to the robbery victim's description, one man was approximately 5 feet 10 inches tall, 200 pounds, dark-skinned, and wearing a three-quarter length coat and a tan broad-brimmed hat. The other man was approximately 5 feet 7 inches tall, and wearing a blue sweatshirt.

The officers began to search the area in their car and, approximately 25 minutes later and approximately one-half mile from the scene of the collision, they came upon two men who matched the description noted above. The officers proceeded to follow the two men, who were walking along a road in a residential area. The taller man looked over his shoulder toward the police vehicle, which was proceeding slowly with its headlights on, and then turned back and spoke to the shorter man. The taller man then made a motion as if to discard some sort of object, and the shorter man made a similar motion shortly thereafter.

The two police officers then activated the vehicle's emergency lights, exited the vehicle, and commanded the two suspects to stop. The two men were then handcuffed and detained for about eight minutes, until the robbery victim was brought to the scene. The victim then identified the two men and they were taken into custody. The defendant in the present case is the man whom the victim identified as the taller of the two thieves.

On appeal, the defendant argues, *inter alia,* that the police lacked probable cause to arrest him, and that the evidence seized subsequent to that arrest should have been suppressed. We disagree. Far from being "vague and generalized", the victim's description of the two robbers was detailed and accurate. Considering the accuracy of the victim's description, the defendant's furtive behavior upon his observation of the police vehicle, his presence on the street in the small hours of the morning, and all of the other circumstances of this case, we agree with the County Court that the police conduct in this case was proper at all stages.

The initial stop and temporary detention of the defendant and his companion were supported, at the very least, by a reasonable suspicion, if not by probable cause *(see, People v Hicks,* 68 NY2d 234; *People v Cumberbatch,* 171 AD2d 671; *People v Hinds,* 166 AD2d 542 [temporary stop and detention pending arrival of identifying witness based on reasonable suspicion]). It is obvious that probable cause to make a full scale arrest existed after the victim had identified the defendant as one of the robbers. The County Court was, therefore, correct in denying suppression.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.