■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EISEMANN, Appellant. [670 NYS2d 39] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 9, 1987, convicting him of sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for sodomy in the first degree as charged in count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Since the two-year time period alleged in the third count of the indictment, charging sodomy in the first degree, is unreasonable on its face, that count must be dismissed (see, People v Beauchamp, 74 NY2d 639; People v Morris, 61 NY2d 290).

The defendant argues that he was denied his constitutional right to confront witnesses against him because the 10-year-old victim would not face forward as she testified from the witness stand. Since the defendant failed to raise this issue before the trial court, the issue is unpreserved for appellate review (see, CPL 470.05 [2]). Moreover, the record indicates that the defense counsel's failure to object to the witness's posture was actually a calculated tactical maneuver, and thus does not warrant review in the exercise of our interest of justice jurisdiction (see, People v Davis, 213 AD2d 665; People v Doby, 178 AD2d 427).

There is no merit to the defendant's contention that the defense counsel was ineffective due to a conflict of interest (see, People v Recupero, 73 NY2d 877; People v Alicea, 61 NY2d 23). The defense counsel's associate previously represented the defendant's father, who pleaded guilty to sexually assaulting the same victim. However, there is no indication that the defense counsel divulged or used any of the prior client's confidences or secrets. The defense counsel merely used the father's plea of guilty to support the defense theory that the father also perpetrated the crimes charged against the defendant. Hindsight does not elevate unsuccessful trial tactics into ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.