■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO PENA, Appellant. [688 NYS2d 123] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 24, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification. Given these determinations, there was ample evidence, consisting of, *inter alia,* defendant's partially inculpatory statements and the eyewitness testimony linking him to the crime, to establish the elements of felony murder, including the underlying felony, as well as defendant's active participation.

Defendant's request for the drastic and unwarranted remedy of dismissal did not preserve for review his current argument that the trial court should have fashioned, *sua sponte*, some lesser sanction for the loss of certain *Rosario* material (*see, People v Rice*, 75 NY2d 929, 932; *People v Pabon*, 213 AD2d 289, *lv denied* 86 NY2d 739), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the absence of a sanction did not deprive defendant of a fair trial since there is no evidence of bad faith on the part of the People or actual prejudice to defendant (*see, People v Martinez*, 71 NY2d 937, 940).

Evidence that defendant had known the killer-participant quite well from the neighborhood for an extended period of time, rather than only during a purported recent incarceration together, was properly admitted to demonstrate defendant's consciousness of guilt in trying falsely to distance himself from the killer, as well as to support a finding that defendant was an active participant in the underlying robbery, rather than a mere observer, as he claimed (*see, People v Hurd*, 160 AD2d 199, 200, *lv denied* 76 NY2d 789).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.