■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SAUNDERS, Appellant. [736 NYS2d 90] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered December 2, 1998, convicting him of murder in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

On December 1, 1997, the defendant repeatedly struck the two victims with 35 pound weights, killing them. The defendant then placed both bodies in his living room closet. Thereafter, between 4:00-5:00 P.M. that same day, the defendant called a friend and informed her that he had killed two men, whose bodies were in his closet. Upon arriving at the defendant's apartment at approximately 8:00 P.M., the defendant's friend

observed blood on the ceiling, on the couch, and on a set of dumbbell weights located next to the closet door. She also observed that a portion of the wall was freshly painted. The defendant told his friend to look in the closet, which she refused to do. The defendant also told her that he was going to dispose of the bodies by wrapping them up and throwing them across the street into the woods.

The defendant's friend then left the apartment and went to the New York State Police barracks in Monroe, N.Y., where she described her conversation with the defendant and her observations while in his apartment. She also drove with the police to the defendant's apartment complex, and pointed out his apartment to the police officers, who saw lights on in the apartment, as well as movement inside.

Thereafter, the police obtained an oral search warrant to search the contents of the defendant's apartment. The police executed the warrant during the early morning hours of December 2, 1997, and upon opening the living room closet door, observed a human hand and also found a second body there. The police officers also observed blood on the walls, the ceiling, the couch, and on the steps leading to the defendant's apartment, as well as cleaning supplies and an opened can of white paint that appeared to be have been used. Further, the police observed that the walls appeared to have been cleaned or painted.

After his arrest, the defendant was given his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436), whereupon he gave statements to State Troopers Post, Marsh, and Sickmiller. The defendant also gave a further statement to State Troopers Dow and Kachelmeyer, who did not re-administer *Miranda* warnings.

The suppression court ruled that while the oral search warrant was defective, pursuant to CPL 690.40 (3), the entry into the defendant's apartment was nonetheless justified due to exigent circumstances based upon the information that the police received and the fact that the defendant was in the process of painting over the walls and destroying evidence. The suppression court also held, inter alia, that the evidence of the hand protruding from the closet and the blood on the walls and furniture was observed in plain view and was thus admissible. The suppression court further ruled that all of the defendant's statements, with the exception of his responses to questions from a Capital Offense Workbook, were also admissible.

At trial, the defendant testified that he killed the two men in self-defense. According to the defendant, he owed the men, who

were drug dealers, $400 for crack cocaine, and they had threatened to kill him if he did not pay them the money.

Contrary to the defendant's contention, the police were justified in entering his apartment without a valid search warrant in light of the exigent circumstances (*see, Payton v New York,* 445 US 573; *People v Green,* 103 AD2d 362). The record indicates that the police received reliable information that the defendant had killed two men and was in the process of destroying evidence, i.e., painting over blood-stained walls and disposing of the bodies. Therefore, the suppression court correctly determined that the testimony concerning the protruding hand and the blood-stained walls and furniture was admissible, as this evidence was seized during the course of a legitimate emergency police investigation (*see, People v Rielly,* 190 AD2d 695; *People v Taper,* 105 AD2d 813).

Similarly without merit is the defendant's contention that the police were required to re-administer *Miranda* warnings before he gave statements to State Troopers Dow and Kachelmeyer, as he was in continuous custody and in a noncoercive environment (*see, People v Holland,* 268 AD2d 536).

Moreover, the indictment charging the defendant with two counts of murder in the first degree was not multiplicitous. An indictment is multiplicitous when two separate counts charge the same crime (*see, People v Jackson,* 264 AD2d 857; *People v Demetsenare,* 243 AD2d 777, 779-780; *People v Kindlon,* 217 AD2d 793). Multiplicity does not exist where "each count requires proof of an additional fact that the other does not" (*People v Kindlon, supra,* at 794-795; *see, People v Jackson, supra; People v Demetsenare, supra,* at 779-780).

The indictment charged the defendant with two counts of murder in the first degree (*see,* Penal Law § 125.27 [1] [a] [viii]). Under the first count, the defendant was charged with the intentional killing of Angelo Figueroa, an element not present in the second count. In the second count, the indictment charged the defendant with the intentional killing of Chris McCord, which was not an element of the first count. Thus, the two counts were clearly distinct and the jury could have found that the defendant intentionally killed one victim but not the other, and therefore, a conviction on one count would not be inconsistent with acquittal on the other (*see, People v Jackson, supra*).

The defendant's remaining contentions, including those in his supplemental pro se brief, are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Holland, supra*) or without merit. Santucci, J.P., S. Miller, Friedmann and Cozier, JJ., concur.