■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AARONS, Appellant. [745 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered October 4, 2000, convicting him of kidnapping in the first degree (three counts), kidnapping in the second degree (three counts), burglary in the first degree (four counts), criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of kidnapping in the second degree, and the convictions of burglary in the first degree under counts 15, 16 and 17 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The People correctly concede that kidnapping in the second degree is a lesser-included offense of kidnapping in the first degree and that the defendant's convictions of those offenses must be vacated (*see* CPL 1.20 [37]; *People v Glover*, 57 NY2d 61, 63).

The defendant's contention that the counts charging him with burglary in the first degree are multiplicitous is unpreserved for appellate review (*see People v Cruz*, 96 NY2d 857). Nevertheless, in the exercise of our interest of justice jurisdiction, we vacate the defendant's convictions of burglary in the first degree under counts 15, 16 and 17 of the indictment. An indictment is multiplicitous when two or more counts charge the same crime (*see People v Senisi*, 196 AD2d 376). Counts 14 through 17 in the indictment charged the defendant with unlawfully entering and remaining in the same dwelling and, in the course thereof, displaying a weapon (*see* Penal Law § 140.30 [4]). Although the People contend that four separate

burglary counts were permissible because the weapon was displayed to four individuals who lived in the dwelling, there was only one unlawful entry. Thus, the defendant could be convicted of only one count under Penal Law § 140.30 (4) (*see People v Griswold,* 174 AD2d 1038; *People v Martinez,* 126 AD2d 942).

The defendant's contentions regarding prosecutorial misconduct are in large part unpreserved for appellate review, and, in any event, do not warrant reversal (*see People v Galloway,* 54 NY2d 396; *People v Russo,* 201 AD2d 512, 513, *affd* 85 NY2d 872). Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.