█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD GARSON, Respondent. [793 NYS2d 539]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Fisher, J.), dated April 29, 2004, as granted those branches of the defendant's omnibus motion which were to dismiss counts one through six of indictment No. 3515/03, charging the defendant with receiving reward for official misconduct in the second degree, and count three of indictment No. 5332/03, charging the defendant with official misconduct, on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is affirmed insofar as appealed from.

The court properly dismissed counts one through six of indictment No. 3515/03, charging the defendant with receiving reward for official misconduct in the second degree. An indictment in which the defendant's duty as a public servant, an essential element of the crime of receiving reward for official misconduct (Penal Law § 200.25), is defined solely by reference to the Rules of Judicial Conduct, specifically, 22 NYCRR 100.2 (C) and 100.3 (B) (6), is insufficient (*see People v La Carrubba*, 46 NY2d 658, 665 [1979]).

The court also properly dismissed count three of indictment No. 5332/03, charging the defendant with official misconduct (Penal Law § 195.00 [2]), as multiplicitous, since there is no fact to be proven under that count that is not also required to be proven under count two of the same indictment (*see People v Senisi*, 196 AD2d 376 [1994]; *see also People v Aarons*, 296 AD2d 508 [2002]; *cf. People v Saunders*, 290 AD2d 461, 463 [2002]; *People v Nelson*, 266 AD2d 730 [1999]).

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur. [*See* 4 Misc 3d 258 (2004).]