■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN CLYMER, Appellant. [809 NYS2d 207]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 2, 2004, convicting him of violations of Agriculture and Markets Law § 351 (2) (two counts) (prohibition of animal fighting [a felony]), Agriculture and Markets Law § 351 (3) (prohibition of animal fighting [a misdemeanor]), and Agriculture and Markets Law § 353 (eight counts) (overdriving, torturing and injuring animals; failure to provide proper sustenance) and criminally possessing a hypodermic instrument (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that counts 31 and 32 of the indictment, charging him with criminally possessing a hypodermic instrument, are multiplicitous is unpreserved for appellate review (*see People v Cruz*, 96 NY2d 857, 858 [2001]; *People v Aarons*, 296 AD2d 508 [2002]; *People v Webb*, 177 AD2d 524, 525 [1991]; *People v Smith*, 113 AD2d 905, 907 [1985]). Furthermore, the imposition of consecutive sentences on the two counts of criminally possessing a hypodermic instrument was a provident exercise of the court's discretion since these two counts charged separate acts, which occurred weeks apart from one another, at different locations. Therefore, the consecutive sentences were not proscribed by Penal Law § 70.25 (2). Moreover, the consecutive sentences did not violate Penal Law § 70.25 (3) since the defendant's acts of criminally possessing hypodermic instruments on two separate dates and at two separate locations did not encompass the same incident or transaction.

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.