■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON SMALLS, Appellant. [916 NYS2d 647]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 21, 2008, convicting him of robbery in the first degree, assault in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the first degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied (*see People v MacShane*, 11 NY3d 841, 842 [2008]; *People v Childress*, 81 NY2d 263, 267-268 [1993]).

The defendant's contention that the counts of robbery in the first degree (Penal Law § 160.15 [1]) and assault in the first degree (Penal Law § 120.10 [4]) were multiplicitous is unpreserved for appellate review (*see People v Clymer*, 26 AD3d 443 [2006]). Nevertheless, under the circumstances, we review the contention in the interest of justice. "An indictment is multiplicitous when two or more counts charge the same crime" (*People v Aarons*, 296 AD2d 508, 508 [2002]; *see People v Quinones*, 8 AD3d 589 [2004]). Here, the record reflects that the jury charges regarding the count of assault in the first degree and the count of robbery in the first degree were essentially identical since one cannot commit robbery in the first degree under Penal Law § 160.15 (1) without simultaneously committing assault in the first degree under Penal Law § 120.10 (4). As such, those charges were multiplicitous. Accordingly, we vacate the defendant's conviction of assault in the first degree under count two of the indictment, vacate the sentence imposed thereon, and dismiss that count of the indictment (*see People v Aarons*, 296 AD2d at 508).

The defendant's contention that his adjudication and sentencing as a persistent violent felony offender violated his constitutional rights pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, is without merit (*see People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Kelly*, 67 AD3d 706, 707 [2009]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.