■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO CAMPBELL, Appellant. [991 NYS2d 341]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered June 13, 2011, convicting him of assault in the first degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hollie, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the first degree under count five of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the counts of assault in the first degree under count five of the indictment (Penal Law § 120.10 [4]) and robbery in the first degree under count six of the indictment (Penal Law § 160.15 [1]) were multiplicitous is unpreserved for appellate review (see People v Cruz, 96 NY2d 857, 858 [2001]; People v Smalls, 81 AD3d 860, 861 [2011]; People v Clymer, 26 AD3d 443 [2006]). Nevertheless, under the circumstances presented here, we review this contention in the interest of justice.

"[An indictment] is multiplicitous when a single offense is charged in more than one count" (People v Alonzo, 16 NY3d 267, 269 [2011]; see People v Smalls, 81 AD3d at 861; People v Quinones, 8 AD3d 589 [2004]; People v Aarons, 296 AD2d 508 [2002]; People v Senisi, 196 AD2d 376, 381-382 [1994]). Here, the record reflects that the jury charges regarding the count of assault in the first degree under count five of the indictment and the count of robbery in the first degree under count six of the indictment were essentially identical since one cannot commit robbery in the first degree under Penal Law § 160.15 (1) without simultaneously committing assault in the first degree under Penal Law § 120.10 (4) (see People v Smalls, 81 AD3d at 861). As such, those charges were multiplicitous (see id.).

While the People are correct that, in this case, the dismissal of the multiplicitous count of assault in the first degree will not affect "the quantum of punishment to be imposed" (People v Smith, 113 AD2d 905, 908 [1985]), "the second conviction, even

if it results in no greater sentence, is an impermissible punishment" (*Ball v United States,* 470 US 856, 865 [1985]). Accordingly, as we did in *People v Smalls,* we will vacate the multiplicitous conviction of assault in the first degree under count five of the indictment, vacate the sentence imposed thereon, and dismiss that count of the indictment (*see id.* at 861; *People v Aarons,* 296 AD2d at 508).

Contrary to the defendant's contention that his statements to the police were the product of an unlawful arrest, the hearing court properly found that the police had probable cause to arrest him (*see People v Prego,* 102 AD3d 814 [2013]; *People v Capela,* 97 AD3d 760 [2012]). Under the circumstances, and "bearing in mind that '[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt' " (*People v Blasich,* 73 NY2d 673, 680 [1989], quoting *People v Bigelow,* 66 NY2d 417, 423 [1985]), it was reasonable for the police to conclude that it was more probable than not that the defendant was one of the four participants in a shooting and robbery that had occurred the previous night (*see People v Carrasquillo,* 54 NY2d 248, 254 [1981]; *People v Capela,* 97 AD3d at 761). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.