■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BARBER, Appellant. [22 NYS3d 63]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J.), rendered October 24, 2012, convicting him of criminal sexual act in the third degree,

receiving a reward for official misconduct in the second degree (two counts), official misconduct (18 counts), sexual abuse in the second degree (seven counts), and forcible touching (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a former correction officer at the Nassau County Correctional Center who allegedly engaged in inappropriate conduct with several female inmates over a two-year period, contends that certain counts in the indictment were multiplicitous. An indictment is multiplicitous "when a single offense is charged in more than one count" (*People v Alonzo*, 16 NY3d 267, 269 [2011]; *see People v Campbell*, 120 AD3d 827 [2014]; *People v Smalls*, 81 AD3d 860 [2011]; *People v Aarons*, 296 AD2d 508 [2002]; *People v Senisi*, 196 AD2d 376, 382 [1994]). The defendant's contention is without merit, as each count requires proof of an additional fact that the other does not (*see People v Henry*, 119 AD3d 607, 609 [2014]; *People v Jackson*, 264 AD2d 857 [1999]; *People v Kindlon*, 217 AD2d 793 [1995]), and "a conviction on one count would not be inconsistent with acquittal on the other" (*People v Saunders*, 290 AD2d 461, 463 [2002]; *see People v Henry*, 119 AD3d at 609). Moreover, the counts allege violations of different provisions of the Penal Law, necessitating independent findings (*see People v Kindlon*, 217 AD2d at 795). The defendant's related challenge to the Supreme Court's jury instruction is unpreserved for appellate review, as the defendant never objected to the charge as given (*see People v Nash*, 77 AD3d 687 [2010]). In any event, contrary to the defendant's contention, the charge to the jury, when considered in its entirety, was adequate.

The defendant contends that the evidence was legally and factually insufficient because it was based on testimony of the People's witnesses that was incredible. The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review, as the defendant's motion to dismiss was based on a different argument (*see People v Hewitt*, 82 AD3d 1119 [2011]; *People v Carlucci*, 80 AD3d 621 [2011]; *People v Crawford*, 38 AD3d 680 [2007]; *People v Bartello*, 243 AD2d 483 [1997]). In any event, the defendant's contention regarding the legal sufficiency of the evidence is without merit. With regard to the weight of the evidence, we find that, contrary to the defendant's contention, the testimony of the People's witnesses was not incredible or unworthy of belief. The fact that the witnesses have a criminal record and a history of drug use did not render their testimony incredible (*see People v Marcus*, 112 AD3d 652 [2013]). The witnesses' criminal background and

drug use, as well as their involvement in a related civil lawsuit against Nassau County, were placed before the jury, and it was reasonable for the jury to resolve the issue of their credibility in favor of the prosecution (*see People v Mazyck*, 118 AD3d 728, 729 [2014]; *People v Faulkner*, 220 AD2d 525 [1995]).

The defendant only partially preserved for appellate review his contention that the evidence was legally insufficient to establish his guilt of the counts charging him with official misconduct and receiving a reward for official misconduct made on the ground that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence as required by CPL 60.22 (1) (*see People v Costello*, 128 AD3d 848 [2015]; *People v Demolaire*, 55 AD3d 621 [2008]; CPL 470.05 [2]). In any event, the defendant's contention is without merit (*see People v Breland*, 83 NY2d 286, 293 [1994]; *People v Loucks*, 125 AD3d 890 [2015]; *People v Johnson*, 188 AD2d 552 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to these counts was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]). Furthermore, since there is no merit to the defendant's contention, defense counsel's failure to request a charge in accordance with CPL 60.22 did not constitute ineffective assistance of counsel (*see People v Higgins*, 123 AD3d 1143 [2014]; *People v Leffler*, 13 AD3d 164 [2004]).

Contrary to the defendant's contention, the Supreme Court properly admitted recordings of certain telephone conversations between one of the complainants and her parents under the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 17 [1993]; *People v Shepherd*, 83 AD3d 1298 [2011]; *People v Aller*, 33 AD3d 621 [2006]; *People v Wooley*, 249 AD2d 46 [1998]).

The defendant's request for a missing witness charge as to two correction officers, made after the People rested, was untimely (*see People v Woods*, 275 AD2d 332 [2000]). Further, the Supreme Court properly declined the defendant's request for a missing witness charge as to those potential witnesses and others, since he failed to establish, prima facie, that the uncalled witnesses had knowledge of a material issue and that such witnesses would be expected to testify favorably to the People (*see People v White*, 228 AD2d 209 [1996]; *People v Torres*, 146 AD2d 658 [1989]). In any event, defense counsel was permitted to comment during summation on the People's failure to call the witnesses (*see People v Hinton*, 217 AD2d 708 [1995]).

Contrary to the defendant's contention, he was not deprived of a fair trial as a result of the Supreme Court's handling of a jury note requesting that juror number six be permitted to keep an appointment to have her tooth extracted. CPL 310.30 does not apply, as the contents of the note were wholly unrelated to the substantive legal or factual issues of the trial, and thus the court's response did not involve the giving of information or instruction within the meaning of CPL 310.30 (*see People v Terry*, 122 AD3d 882 [2014]; *People v Gerrara*, 88 AD3d 811 [2011]). In addition, the record does not support the defendant's contention that the jury was forced to reach a verdict because of the court's handling of the jury note. The jurors were each polled as to the verdict, and all of them agreed with it (*see People v Hall*, 105 AD3d 658 [2013]). The defendant's contention that he was deprived of a fair trial due to the court's failure to make a reasonably thorough inquiry of juror number six to determine whether she was able to continue serving or should be discharged (*see* CPL 270.35) is unpreserved for appellate review (*see* CPL 470.05), as the defendant's trial counsel never made such a request nor moved for a mistrial (*see People v Morales*, 36 AD3d 631 [2007]). In any event, at the time the note was submitted, juror number six was not unavailable for continued service (*see People v Echevarria*, 30 AD3d 537 [2006]).

The defendant's contention that he was deprived of a fair trial based on the prosecutor's conduct on summation is unpreserved for appellate review, as the defendant's trial counsel either failed to raise any objection, voiced only a general objection without specifying the ground therefor, or failed to seek curative instructions or a mistrial when an objection was sustained (*see People v Rahman*, 119 AD3d 820 [2014]; *People v Dunham*, 78 AD3d 1073 [2010]; *People v Crawford*, 54 AD3d 961 [2008]). In any event, most of the prosecutor's remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 401 [1981]). To the extent that some of the prosecutor's comments were improper, any error was not so egregious as to have deprived the defendant of a fair trial (*see People v Portes*, 125 AD3d 794, 794 [2015]; *People v Stevens*, 114 AD3d 969, 970 [2014]; *People v Tiro*, 100 AD3d 663, 663 [2012]).

Prior to trial, the People made an application to withdraw those counts in the indictment that related to one potential

complainant, which the Supreme Court granted. The People now concede that the court erred in reasoning that "the District Attorney's office has the absolute right to proceed with whatever charges they would like" and that, only after opening statements, "the Court has to approve a dismissal of charges in an indictment" (*see People v Extale*, 18 NY3d 690 [2012]). The defendant contends that the withdrawal of those counts "threw off his case" and his "planned defense," which involved an alleged conspiracy between the subject complainant and those remaining in the case. However, under the circumstances of this case, the court's error was harmless in view of the overwhelming evidence of the defendant's guilt and the absence of any significant probability that the error affected the verdict (*see id.* at 696; *People v Silvestre*, 118 AD3d 567 [2014]; *People v Urbina*, 99 AD3d 821, 822 [2012]). Notably, defense counsel declined the court's invitation to call the potential complainant as a witness and, even in her absence, counsel was able to elicit testimony regarding the defense theory that the complainants had conspired against the defendant.

The defendant's further contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Maxwell*, 89 AD3d at 1109).

The defendant's contentions in his pro se supplemental brief relating to an alleged *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961]) are also based, in part, on matter dehors the record (*see People v Adamson*, 131 AD3d 701, 703 [2015]). To the extent that these contentions are reviewable on direct appeal, they are without merit (*see People v Rajigah*, 265 AD2d 580 [1999]). Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.