■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOSEPH HUNT, Appellant. [27 NYS3d 270]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered July 16, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree (two counts). The defendant's first trial on these charges ended in a mistrial.

During the defendant's second trial, the People revealed that one of the eyewitnesses to the crime would be unable to testify for medical reasons. The defendant moved for a mistrial with prejudice. The Supreme Court denied the motion and ruled that the witness was unavailable and that the People would be permitted to read her testimony from the first trial into the record, and this was done. During the subsequent testimony of one of the detectives, however, the People made reference to

the witness's written statement to police, which the defense claimed had not been disclosed as required under *People v Rosario* (9 NY2d 286 [1961]). Although it did not find that the prosecutor had acted intentionally, the court determined that the defendant was prejudiced by the People's failure to disclose the statement because defense counsel had not been able to use it on cross-examination. Because the unavailable witness could not be recalled for further cross-examination, and because her prior testimony had already been read to the jury, defense counsel argued that the court should declare a mistrial, specifically limiting the motion by requesting a mistrial with prejudice. The court denied the motion and instead struck the unavailable witness's testimony from the record and instructed the jury to disregard the testimony and related exhibits and proceed as if they had not been presented. The jury found the defendant guilty of murder in the second degree and one count of criminal possession of a weapon in the second degree.

On appeal, the defendant contends that the Supreme Court erred in denying his motion for a mistrial. A defendant may limit his or her motion for a mistrial to one for a mistrial with prejudice and may withdraw the motion if complete relief is not granted (*see Matter of Davis v Brown*, 87 NY2d 626, 630-631 [1996]; *Matter of Romero v Justices of Supreme Ct., Queens County*, 237 AD2d 292, 293 [1997]). In this case, the defendant's trial counsel made clear, via repeated and unequivocal use of the phrase "with prejudice," that the defendant's motion was delimited in this fashion. However, contrary to the arguments made by trial counsel, there was no evidence that the People acted deliberately to provoke a mistrial (*see Matter of Davis v Brown*, 87 NY2d at 630-631; *People v Walker*, 249 AD2d 15, 16 [1998]), and the defendant pointed to no other basis for declaring a mistrial with prejudice. Therefore, he did not demonstrate that he was entitled to the drastic remedy of a mistrial with prejudice and dismissal of the indictment. To the extent that the defendant now argues that the Supreme Court should have declared a mistrial without prejudice, that argument is waived since it is inconsistent with the relief requested by the defendant at trial (*cf. People v Pena*, 259 AD2d 350 [1999]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.