People v Nunez-Garcia (2019 NY Slip Op 09296)





People v Nunez-Garcia


2019 NY Slip Op 09296


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-08488
 (Ind. No. 708N/14)

[*1]The People of the State of New York, respondent,
v
Jose Nunez-Garcia, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Marquetta Christy of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Judith R. Sternberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered July 19, 2016, convicting him of rape in the first degree, rape in the third degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials. Justice Maltese has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination denying suppression of physical evidence and the defendant's statements to law enforcement officials. The credible evidence at the suppression hearing established that the police had probable cause to arrest the defendant (see People v Williams, 127 AD3d 1114, 1115-1116).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the indictment was fatally defective because it did not adequately inform him of the factual allegations against him and because the charges in the indictment were multiplicitous and duplicitous is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. An indictment must contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, . . . asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation" (CPL 200.50[7][a]). Here, each count of the indictment placed the [*2]defendant on notice of the conduct that was the subject of the accusations against him with respect to the illegal conduct in which he engaged on a particular day with a single victim (see id.). To the extent that certain language was omitted from the count charging the defendant with rape in the third degree, such omission was a minor defect which did not prejudice the defendant as the missing language appeared before the "to wit" clause for that count.
"An indictment is multiplicitous when two separate counts charge the same crime. Multiplicity does not exist where each count requires proof of an additional fact that the other does not" (People v Saunders, 290 AD2d 461, 463 [citations and internal quotation marks omitted]). The count of rape in the first degree required an element of sexual intercourse by forcible compulsion (Penal Law § 130.35[1]), while the count of rape in the third degree required an element of sexual intercourse without consent of the victim (Penal Law § 130.25[3]). The third count of sexual abuse in the first degree was not premised upon an act of sexual intercourse, but rather, upon other non-intercourse sexual contact committed by the defendant. Thus, all three counts of the indictment were distinct and required proof of an additional fact that the others did not, so that a conviction on one or more of the counts would not be inconsistent with an acquittal on another (see People v Barber, 133 AD3d 868, 869; People v Saunders, 290 AD2d at 463).
"An indictment is duplicitous when a single count charges more than one offense" (People v Alonzo, 16 NY3d 267, 269). Here, the count of sexual abuse in the first degree was not duplicitous since the sexual abuse occurred during a single uninterrupted course of conduct (see id. at 270; People v Kelly, 148 AD3d 585, 585).
The defendant's contention that the prosecutor committed misconduct before the grand jury is without merit. The prosecution was under no obligation to present evidence that was not entirely exculpatory and would not have materially influenced the grand jury's investigation (see People v May, 138 AD3d 1024, 1024). Moreover, the prosecutor's use of leading questions during certain, sensitive parts of the examination of the complainant before the grand jury did not render this evidence incompetent and did not undermine the integrity of the grand jury proceedings (see People v Brownlee, 121 AD2d 553, 554; see also People v Kurth, 82 AD3d 905, 906).
The defendant is correct that, as his counsel had requested during the trial, the prosecutor was required to correct the knowingly false or mistaken trial testimony of the complainant's boyfriend that he had not testified before the grand jury or spoken to the prosecutor prior to trial (see People v Colon, 13 NY3d 343, 349; People v Steadman, 82 NY2d 1, 7; People v Spruill, 164 AD3d 1270, 1277). However, "[w]here a prosecutor elicits or fails to correct such inaccurate testimony, reversal and a new trial are necessary unless there is no reasonable possibility' that the error contributed to the conviction" (People v Colon, 13 NY3d at 349, quoting People v Pressley, 91 NY2d 825, 827). Here, the failure to correct this testimony constituted harmless error, as there was overwhelming evidence of the defendant's guilt and no reasonable possibility that the defendant would have been acquitted if not for the error (see People v Colon, 13 NY3d at 349; People v Spruill, 164 AD3d at 1277; see also People v Martin, 33 NY3d 929, 930; People v Crimmins, 36 NY2d 230, 237). Further, the defendant's contention that the prosecutor knowingly elicited false testimony from the complainant is without merit.
The defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Morris, 157 AD3d 827, 828). In any event, the challenged comments constituted either fair response to arguments presented in summation by defense counsel, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Halm, 81 NY2d 819, 821; People v Monteleone, 71 AD3d 790, 790-791).
The defendant's contentions that the Supreme Court deprived him of a fair trial by precluding his counsel from making contemporaneous objections and through evidentiary rulings are without merit.
The Supreme Court did not violate the procedure set forth in People v O'Rama (78 NY2d 270) in responding to the jury's note, Court Exhibit 20, which requested to view certain [*3]evidence. At the commencement of jury deliberations, both the prosecutor and defense counsel advised the court that they had no objection to the court providing exhibits, upon the jury's request, without first assembling counsel in the courtroom. Since the defendant consented beforehand to the jury receiving evidentiary exhibits in this manner, the court was not required to reconvene counsel prior to furnishing the jury with the exhibits requested in the subject jury note (see CPL 310.20[1]; People v Damiano, 87 NY2d 477, 487; People v Croom, 171 AD3d 781, 783; People v Headley, 170 AD3d 746, 747). The court's handling of this note requesting evidentiary exhibits did not implicate either CPL 310.30 or the notice provision outlined in People v O'Rama (see People v Damiano, 87 NY2d at 487; People v Croom, 171 AD3d at 783; People v Headley, 170 AD3d at 747). Thus, the defendant's contention that the court mishandled the subject jury note is unpreserved for appellate review and, in any event, without merit. Moreover, the defendant's speculation that the requested items were not provided to the jury is insufficient to rebut the presumption of regularity in the proceedings (see generally People v Badia, 130 AD3d 744, 746; see e.g. People v Ragbirsingh, 153 AD3d 858, 858-859).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court