People v Edmondson (2021 NY Slip Op 08201)





People v Edmondson


2021 NY Slip Op 08201


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-01879
 (Ind. No. 17-00093)

[*1]The People of the State of New York, respondent,
v
Steven Edmondson, appellant.


Jason M. Bernheimer, Katonah, NY (Samantha L. Cruzado of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered December 12, 2018, convicting him of assault in the first degree, robbery in the first degree, gang assault in the second degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly determined that the police had probable cause to arrest him based upon a radio broadcast of a motor vehicle accident with a possible robbery and assault in progress, their observations of the defendant and the codefendant holding the complainant down with the codefendant cocking his arm as if to strike the complainant, the complainant's statement identifying the defendant as one of the individuals who assaulted and robbed him, and their observations of blood on the defendant's clothing (see People v Mabry, 184 AD3d 867; People v Sanders, 239 AD2d 528; People v Jones, 234 AD2d 1002; People v Pascual, 173 AD2d 746). The court also properly denied that branch of the defendant's omnibus motion which was to suppress the clothing he was wearing at the time of his arrest. The testimony adduced at the suppression hearing established that the clothing was properly seized pursuant to the plain view doctrine (see People v Brown, 96 NY2d 80; People v Oden, 150 AD3d 1269, 1270; People v Tutora, 116 AD2d 607, 608). Additionally, there is no merit to the defendant's contention that the police violated his constitutional rights when they forcibly removed his clothing. The testimony established that the manner in which the defendant's clothing was seized was predicated upon his refusal to comply with their request that he remove his clothing.
The defendant's contention that he was deprived of a fair trial because the complainant could not understand the court interpreter is unpreserved for appellate review (see CPL 470.05[2]). Although defense counsel made a motion to strike the complainant's testimony, after the Supreme Court questioned the complainant as to whether he could understand the court interpreter and the complainant unequivocally answered "yes," defense counsel withdrew that motion [*2]to strike and made no mistral motion (see People v Hunt, 137 AD3d 1163; People v Noel, 156 AD2d 592). The defendant's related contention that his Sixth Amendment right of confrontation was violated because the complainant could not understand the court interpreter is unpreserved for appellate review because he made no objection on that ground (see CPL 470.05[2]; People v Ward, 57 AD3d 581; People v Eisemann, 248 AD2d 484). In any event, the complainant answered unequivocally that he did understand the interpreter. Furthermore, the record establishes that the court imposed no limits as to the length or scope of defense counsel's cross-examination of the complainant (see People v Wright, 160 AD3d 667; People v Dunbar, 145 AD2d 501).
The Supreme Court properly denied the defendant's motion for a mistrial based on a witness's unnoticed identification of the defendant as a perpetrator during that witness's testimony. "[T]he decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (People v Wakefield, 212 AD2d 649, 649; see People v Tullock, 148 AD3d 1061). Here, the prosecutor elicited the identification from the witness upon a good-faith belief that the witness had made no previous identification of the defendant as the perpetrator (see People v Williams, 58 AD3d 771; People v Goodwine, 46 AD3d 702). During cross-examination, when the witness gave equivocal testimony as to whether she had in fact made a prior identification, the court struck the witness's testimony. Thus, the court providently exercised its discretion in denying the defendant's motion for a mistrial, where the unnoticed identification was elicited inadvertently, and the court struck the testimony from the record and directed the jury to disregard the witness's testimony (see People v Tullock, 148 AD3d 1061; People v Hakmoun, 232 AD2d 243; People v Brown, 136 AD2d 1).
The defendant's contention that there was legally insufficient evidence to support the convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero 7 NY3d 633).
The defendant's contention that the counts of assault in the first degree under count 1 of the indictment (Penal Law § 120.10[4]) and robbery in the first degree under count 2 of the indictment (Penal Law § 160.15[1]) were multiplicitous is unpreserved for appellate review (see People v Cruz, 96 NY2d 857; People v Campbell, 120 AD3d 827; People v Smalls, 81 AD3d 860; People v Clymer, 26 AD3d 443). Nevertheless, under the circumstances presented here, we review this contention in the exercise of our interest of justice jurisdiction.
"An indictment is multiplicitous when two separate counts charge the same crime" (People v Saunders, 290 AD2d 461, 463; see People v Senisi, 196 AD2d 376, 382). "Multiplicity does not exist where each count requires proof of an additional fact that the other does not" or where "a conviction on one count would not be inconsistent with acquittal on the other" (People v Saunders, 290 AD2d at 463 [internal quotation marks omitted]). "If an indictment is multiplicitous it creates the risk that a defendant will be punished for, or stigmatized with a conviction of, more crimes than he actually committed" (People v Alonzo, 16 NY3d 267, 269). Here, the record reflects that the jury charges regarding the count of assault in the first degree and the count of robbery in the first degree were essentially identical since one cannot commit robbery in the first degree under Penal Law § 160.15(1) without simultaneously committing assault in the first degree under Penal Law § 120.10(4) (see People v Smalls, 81 AD3d at 861). As such, those charges were multiplicitous (see id.). Although the dismissal of the multiplicitous count will not affect the duration of the defendant's sentence of imprisonment, it is nevertheless appropriate in this case to dismiss the count charging assault in the first degree in consideration of the stigma attached to the redundant convictions (see People v Alonzo, 16 NY3d at 269; People v Campbell, 120 AD3d at 827-828; [*3]People v Smalls, 81 AD3d at 861; People v Aarons, 296 AD2d 508).
The defendant's contention that the Supreme Court erred in failing to conduct a hearing to determine the amount of restitution is unpreserved for appellate review (see CPL 470.05[2]; People v Creekmur, 137 AD3d 1052; People v Winslow, 100 AD3d 1031; People v Golgoski, 40 AD3d 1138) and, in any event, without merit (see People v Baxter, 102 AD3d 805; People v Harris, 72 AD3d 1110; People v Baez, 52 AD3d 840).
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court