People v Sorrentino (2022 NY Slip Op 00439)





People v Sorrentino


2022 NY Slip Op 00439


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2018-10796
 (Ind. No. 699/17)

[*1]The People of the State of New York, respondent,
v
Joseph Sorrentino, appellant.


Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered August 29, 2018, convicting him of burglary in the second degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree under count two of the indictment and the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant only partially preserved for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the second degree under count two of the indictment (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, when the jury initially returned a repugnant verdict, the Supreme Court properly explained the defect to the jury and properly directed it to continue to deliberate and reconsider the verdict (see CPL 310.50[2]; People v Williams, 64 AD3d 734, affd 16 NY3d 480).
The defendant was convicted by the jury of count one of the indictment, charging burglary in the first degree, and count two of the indictment, charging burglary in the second degree. However, the Supreme Court, at sentencing, granted the defendant's motion to dismiss the charge of burglary in the first degree to the extent of reducing the conviction on count one to burglary in the second degree. While this had no effect on the sentence, since the defendant was sentenced to concurrent terms of imprisonment on the two convictions for burglary in the second degree, it did [*2]render count one and count two multiplicitous (see People v Campbell, 120 AD3d 827; People v Smalls, 81 AD3d 860). Accordingly, we vacate the conviction of burglary in the second degree under count two of the indictment and the sentence imposed thereon and dismiss that count of the indictment (see People v Campbell, 120 AD3d at 827-828; People v Aarons, 296 AD2d 508).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court