People v Lopes (2022 NY Slip Op 02285)

People v Lopes

2022 NY Slip Op 02285

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-05517
 (Ind. No. 17-00093)

[*1]The People of the State of New York, respondent,
v
Christopher Lopes, appellant.

Judith E. Permutt, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfranceso and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered December 12, 2018, convicting him of assault in the first degree, robbery in the first degree, gang assault in the second degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the first degree under count 1 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the hearing court properly determined that the police officers had probable cause to arrest him based upon a radio broadcast of a motor vehicle accident with a possible robbery and assault in progress, their observations of the defendant and the codefendant holding the complainant down and of the defendant cocking his arm as if to strike the complainant, the complainant's statement identifying the codefendant as one of the individuals who assaulted and robbed him, and the officers' observations of blood on the defendant's clothing (see People v Edmondson, 191 AD3d 1015, 1016; People v Sanders, 239 AD2d 528; People v Jones, 234 AD2d 1002; People v Pascual, 173 AD2d 746, 747). The court also properly denied that branch of the defendant's omnibus motion which was to suppress the clothing he was wearing at the time of his arrest. The testimony adduced at the suppression hearing established that the clothing was properly seized pursuant to the plain view doctrine (see People v Brown, 96 NY2d 80; People v Edmondson, 191 AD3d at 1016; People v Oden, 150 AD3d 1269, 1270).
The defendant's contention that there was legally insufficient evidence to support the convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe [*2]demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
As conceded by the People, and for the reasons set forth in our decision and order on an appeal by the defendant's codefendant (see People v Edmondson, 191 AD3d at 1018), the counts of assault in the first degree under count 1 of the indictment (Penal Law § 120.10[4]) and robbery in the first degree under count 2 of the indictment (Penal Law § 160.15[1]) were multiplicitous (see People v Alonzo, 16 NY3d 267, 269; People v Smalls, 81 AD3d 860, 861). Accordingly, we vacate the defendant's conviction of assault in the first degree under count 1 of the indictment, vacate the sentence imposed thereon, and dismiss that count of the indictment.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court