People v Ford (2024 NY Slip Op 06358)

People v Ford

2024 NY Slip Op 06358

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2019-14074
 (Ind. No. 506/18)

[*1]The People of the State of New York, respondent,
v
Tyrone Ford, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered November 18, 2019, convicting him of criminal sale of a controlled substance in the third degree (13 counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions under counts 2, 5, and 11 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
On October 26, 2018, after a long-term investigation by the Staten Island Narcotics Bureau, the defendant was indicted on, inter alia, 16 counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39). As charged in the indictment, on April 26, 2017, May 17, 2017, and September 29, 2017, the defendant allegedly sold a mixture of heroin and fentanyl to an undercover officer. Counts 1, 4, and 10 of the indictment were based on the defendant's alleged sale of heroin on April 26, 2017, May 17, 2017, and September 29, 2017, respectively, while counts 2, 5, and 11 were based on the defendant's alleged sale of fentanyl on those same dates, respectively.
The defendant's contention that the counts 2, 5, and 11 are multiplicitous of counts 1, 4, and 10 is unpreserved for appellate review (see People v Cruz, 96 NY2d 857, 857; People v Edmondson, 191 AD3d 1015, 1018). Nevertheless, under the circumstances presented here, we review this contention in the exercise of our interest of justice jurisdiction (see People v Edmondson, 191 AD3d at 1018; People v Smalls, 81 AD3d 860, 861).
"An indictment is multiplicitous when a single offense is charged in more than one count" (People v Warren, 198 AD3d 934, 935; see People v Young, 141 AD3d 551, 553). "'Multiplicity does not exist where each count requires proof of an additional fact that the other does not' or where 'a conviction on one count would not be inconsistent with acquittal on the other'" (People v Edmondson, 191 AD3d at 1018, quoting People v Saunders, 290 AD2d 461, 463). Here, the record reflects that the jury charges regarding counts 1, 4, and 10 of the indictment were essentially identical to the jury charges regarding counts 2, 5, and 11 of the indictment, respectively (see id.; People v Martin, 153 AD2d 807, 808). Because Penal Law § 220.39(1) criminalizes the [*2]knowing sale of a narcotic drug and treats all narcotic drugs interchangeably, a conviction on one count of criminal sale of a controlled substance in the third degree would be inconsistent with an acquittal on another count of criminal sale of a controlled substance in the third degree where, as here, the defendant allegedly sold a mixture of heroin and fentanyl (see People v Edmondson, 191 AD3d at 1018; People v Miller, 15 AD3d 265, 265; People v Martin, 153 AD2d at 808). As such, those charges were multiplicitous (see People v Edmondson, 191 AD3d at 1018). Although the dismissal of the multiplicitous counts will not affect the duration of the defendant's sentence of imprisonment, it is nevertheless appropriate in this case to dismiss counts 2, 5, and 11 in consideration of the stigma attached to the redundant convictions (see People v Alonzo, 16 NY3d 267, 269; People v Edmondson, 191 AD3d at 1018).
The defendant contends that evidence of certain uncharged crimes, with regard to which he contends the People should have requested a Ventimiglia hearing (see People v Ventimiglia, 52 NY2d 350, 362), was erroneously admitted. This contention is unpreserved for appellate review, as the defendant neither objected to the testimony when it was adduced nor requested a Ventimiglia ruling at that time, when the Supreme Court still could have conducted a hearing (see CPL 470.05[2]; People v Miller, 229 AD3d 724, 725). In any event, this contention is without merit (see People v Miller, 229 AD3d at 725).
The defendant further contends that the verdict convicting him under count 14 of the indictment was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence[,] and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348). Great deference is accorded to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt under count 14 of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 646).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86).
In light of our determination, we need not reach the defendant's contentions that his convictions under counts 2, 5, and 11 were based on legally insufficient evidence or that the guilty verdicts under those counts were against the weight of the evidence.
The defendant's remaining contention is without merit.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court