■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PABON, Appellant. [624 NYS2d 149] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered May 5, 1993, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 9 to 18 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's claim that he was entitled to a sanction for the destruction of a 911 tape containing a purported statement by the complainant is inadequately preserved due to counsel's failure to request any specific sanction other than the inappropriate sanction of a mistrial *(People v Spivey,* 81 NY2d 356, 361), and his similar claim with respect to a taped communication made by a police officer is totally unpreserved. Were we to review these claims in the interest of justice, we would find that after defendant's timely request for the tapes, the People made good faith, diligent attempts to obtain the tapes prior to their erasure *(People v Figueroa,* 156 AD2d 322, *lv denied* 76 NY2d 734), and that the 911 call made by an unknown non-witness on behalf of the non-English-speaking complainant was, in any event, not *Rosario* material. *(Matter of Christopher W.,* 202 AD2d 305.) While we agree with defendant that statements made through an interpreter are not exempt from the *Rosario* rule, the record does not support defendant's contention that the unknown non-witness was actually translating the complainant's words.

Defendant's challenges to the People's summation are almost entirely unpreserved. In any event, the People's summation was a fair response to the defense summation, and the challenged remarks could not have deprived defendant of a fair trial in view of the overwhelming evidence of guilt. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.