■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL DIAZ, Appellant. [849 NYS2d 256]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered June 15, 2006, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of six years, unanimously affirmed.

By delivering an adverse inference charge, the court provided an adequate remedy for a detective's destruction of certain photographs, and it properly exercised its discretion in denying defendant's requests for other relief. The victim testified that defendant had held a knife to her neck during the crime, leaving a mark, and that a detective had photographed the mark. The prosecutor then made a belated disclosure that the detective who claimed to have observed such a mark had taken photographs, but had concluded they were too blurry to reveal anything and discarded them. The court's adverse inference charge was sufficient, particularly since the matter was fully examined at trial, there was no improper motive demonstrated for the destruction of the photographs, and any prejudice from their destruction was minimal (see CPL 240.70 [1]; *People v Jenkins*, 98 NY2d 280 [2002]; *People v Kelly*, 62 NY2d 516, 521 [1984]).

The court also properly exercised its discretion in refusing defendant's request for an adverse inference charge based on the unavailability of the tape of the victim's initial 911 call, since there was no bad faith on the part of the People and no prejudice to defendant, who received a copy of the Sprint report of the call (see *People v Martinez*, 71 NY2d 937, 940 [1988]).

Defendant's claim that the 911 recording would have assisted in his defense, by demonstrating the victim's state of mind, is speculative (*see People v Peralta*, 271 AD2d 359 [2000], *lv denied* 95 NY2d 837 [2000]).

Defendant's constitutional arguments relating to both the photographs and the 911 tape are without merit. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.