People v Boateng (2018 NY Slip Op 06495)





People v Boateng


2018 NY Slip Op 06495


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7209 5269/13

[*1]The People of the State of New York, Respondent,
v
Jeffrey Boateng, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 8, 2014, as amended July 21, 2018, convicting defendant, after a jury trial, of petit larceny, and sentencing him to a term of one year, unanimously affirmed.
The court providently exercised its discretion in declining to impose any sanction for the People's loss of a recording of a 911 call. The record supports the court's finding that the recording was not Rosario material (see CPL 240.45; People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]), because it was "made by an unknown non-witness on behalf of the non-English-speaking complainant" and "the record does not support defendant's contention that the unknown non-witness was actually translating the complainant's words" (People v Pabon, 213 AD2d 289 [1st Dept 1995], lv denied 86 NY2d 739 [1995]). In any event, even if the recording could be viewed as Rosario material, there was no ground for a sanction, because the loss was inadvertent and defendant made no showing of prejudice, in light of the availability of the Sprint report (see e.g. People v Diaz, 47 AD3d 500, 500-01 [1st Dept 2008], lv denied 10 NY3d 861 [2008]).
The court also providently exercised its discretion in precluding defendant from eliciting his hearsay postarrest statement. Defendant's door-opening theories of admissibility are unpersuasive (see People v Massie, 2 NY3d 179, 180-81 [2004]. Defendant did not establish a need to correct any allegedly misleading impression by eliciting hearsay, rather than by cross-examining the People's witnesses or otherwise relying on admissible evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK