McAddley v Western Beef Props., Inc. (2020 NY Slip Op 06716)





McAddley v Western Beef Props., Inc.


2020 NY Slip Op 06716


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 23401/15E Appeal No. 12213 Case No. 2019-719 

[*1]Tabatha McAddley, Plaintiff-Appellant,
v
Western Beef Properties, Inc., et al., Defendants-Respondents.


Burns & Harris, New York (Jason S. Steinberg of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for respondents.



Judgment, Supreme Court, Bronx County (James W. Hubert, J.), entered January 16, 2019, upon a jury verdict in defendants' favor, dismissing the complaint, unanimously affirmed, without costs.
The trial court did not err in denying plaintiff's request to give the jury an adverse inference charge as a spoliation sanction with respect to production of videotape evidence of the area surrounding plaintiff's accident for an extended period of time prior to the accident. Defendant preserved videotape evidence of the accident and produced it to plaintiff pursuant to a preliminary conference order. Plaintiff did not request the additional videotape until several months after the accident, after the additional videotape had been overridden. In these circumstances, plaintiff, as the party seeking sanctions based on the spoliation of evidence, did not demonstrate that defendant had an obligation to preserve the additional videotape at the time it was overridden, that the destruction of the additional videotape was done with a "culpable state of mind," or that the additional videotape would have supported plaintiff's claim (see Duluc v AC & L Food Corp., 119 AD3d 450, 451 [1st Dept. 2014], lv denied 24 NY3d 908 [2014]; see also VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). In any event, the trial court acted within its discretion in declining to give the adverse inference charge, particularly because plaintiff's claim that the additional videotape would support its claim was entirely speculative (see People v Diaz, 47 AD3d 500, 500-501 [1st Dept 2008], lv denied, 10 NY3d 861 [2008]).
Further, the jury sheet was not inherently confusing. The questions asked were consistent with the instruction given to the jury pursuant to PJI 2:90. The two earlier inconsistent verdicts, reached before the jury rendered its final verdict, were the result of the jury's failure to follow the instructions on the jury verdict sheet.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020